**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CHARLES CASTON, *et al.*, | |
| Plaintiffs, | 2:07-cv-00251-JCM-LRL |
| v. | |
| SUPREME COURT OF THE UNITED STATES, *et al.*, | **APPLICATION TO PROCEED *IN FORMA PAUPERIS* (#1)** |
| Defendants. | |

**REPORT & RECOMMENDATION**

Charles Caston, acting *pro se*, has brought suit on his own behalf and on behalf of Paris Hilton, the European Union, and the African Union. Plaintiff is suing the Supreme Court of the United States, Nancy Poloski [sic], Speaker of the House of Representatives, Bill and Hillary Clinton, John O'Quinn, Richard Racehorse Haynes Firm, Johnny [sic] Cochran Law Firm, Rose Law Firm, the Urban League, Mexico's President, and Clear Channel for violating his constitutional rights. Plaintiff requests the court to order that Nancy Poloski be indicted before a federal grand jury, that Bill and Hillary Clinton be extradited to Carson City to stand trial for abusing a disabled veteran and theft, and that the Supreme Court stop ignoring his briefs. Plaintiff filed an Application to Proceed *In Forma Pauperis* and Complaint on February 27, 2007 (#1).

**DISCUSSION**

**I. *Pauperis* Status**

28 U.S.C. § 1915 allows the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." The decision to grant or deny *in forma pauperis*

status under § 1915 lies within the sound discretion of the court. *See Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963). Based on the Application, plaintiff qualifies for *pauperi*s status. *See* 28 U.S.C. § 1915.

**II. Complaint**

Because plaintiff is proceeding *in forma pauperis*, this court must review the instant action. 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). Pleadings prepared by *pro se* litigants should be held to less stringent standards and thus be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986). However, "[p]ro se litigants must follow the same rules of procedure as other litigants." *King*, 814 F.2d at 567 (citations omitted). In determining whether a plaintiff has satisfied Rule 12(b)(6), all material allegations in the complaint are accepted as true and are construed in the light most favorable to the plaintiff. *See Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980) (citations omitted).

Upon review the court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33.

As a Complaint, the plaintiff submitted a form titled "Request for a Restraining Order and Order of Protection." The form is not one used in this court, nor does the information contained therein form the basis of a claim upon which relief may be granted. In fact, plaintiff's Complaint rises to the level of the irrational or the wholly incredible.

1     Plaintiff claims that he needs protection from the Supreme Court of the United States.  Plaintiff
2 alleges that he has been stalked and abused by Nancy Poloski and that she should be indicted before a
3 federal grand jury.  Plaintiff also states that he has the right to live in the United States "without slavery
4 mentality!"

5     Plaintiff states that he is homeless, broke, and lives on Social Security benefits.  However, even
6 given his limited resources he indicates he must buy the Supreme Court a fax machine, because he
7 believes that they do not have one.  Plaintiff indicates that he has 65 briefs before the Supreme Court,
8 but they are being ignored.  Moreover, plaintiff alleges that the Supreme Court has allowed the "U.S.
9 Federal District Courts and our State District Court, be taken over by crooks and con artist!"

10     Plaintiff also alleges that his storage unit was broken into, that he has been falsely arrested, and
11 his bank accounts fraudulently frozen.  Plaintiff appears to blame Bill and Hillary Clinton for these
12 alleged offenses; he requests their extradition to Las Vegas or Carson City to stand trial for theft and
13 abuse.

14     Plaintiff does not mention any of the other named defendants nor indicate how Paris Hilton or
15 the European and African Unions have been harmed.  Given the delusional allegations of plaintiff's
16 Complaint, the legal and factual deficiencies cannot be cured by amendment.

17 **ORDER**

18 IT IS ORDERED that the Application to Proceed *in Forma Pauperis* (#1) is GRANTED.

19 **RECOMMENDATION**

20     Based on the foregoing, it is the recommendation of the undersigned United States Magistrate
21 Judge that the Complaint should be filed and dismissed with prejudice.

22 . . . .
23 . . . .
24 . . . .
25 . . . .
26 . . . .

3

**NOTICE**

Pursuant to LR IB 3-2(a), any objections to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (10) days from receipt of this Notice.

DATED this 14th day of June, 2007.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**